| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Daren M. Schlecter, Esq. (SBN 259537)<br>Law Office of Daren M. Schlecter, A Prof. Corp.<br>10866 Wilshire Blvd., Suite 1270,<br>Los Angeles, CA 90024<br>Telephone (310) 553-5747<br>Telecopier (310) 553-5487<br>Email: daren@schlecterlaw.com | **FILED & ENTERED**<br><br>**JUL 28 2026**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY Spann      DEPUTY CLERK** |
| ☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* Swift Financial, LLC | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -*NORTHERN* DIVISION**

| In re:<br><br>KERI LEIGH McCREE and CASEY JAMES McCREE<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 9:26-bk-10509-RC |
|---|---|
| | CHAPTER: 7 |
| | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br><br>**(Action in Nonbankruptcy Forum)** |
| | DATE: 7/28/26<br>TIME: 9:00am<br>COURTROOM: 201<br>PLACE: 1415 State Street, Santa Barbara, CA 93101 |

**MOVANT:** Swift Financial, LLC, as a servicing agent for WebBank

1. The Motion was:   ☐ Opposed   ☒ Unopposed   ☐ Settled by stipulation

2. The Motion affects the following Nonbankruptcy Action:

   Name of Nonbankruptcy Action: Swift Financial v. TCR Services, Inc. et al

   Docket number: 56-2020-00543329-CUPA

   Nonbankruptcy court or agency where the Nonbankruptcy Action is pending: Ventura County Superior Court

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

3.    The Motion is granted under 11 U.S.C. § 362(d)(1).

4.    As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a.    ☒    Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b.    ☐    Modified or conditioned as set forth in Exhibit _____ to the Motion.

    c.    ☐    Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the nonbankruptcy action do not constitute a violation of the stay.

5.    **Limitations on Enforcement of Judgment:**  Movant may proceed in the nonbankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law.  Movant is permitted to enforce its final judgment only by *(specify all that apply)*:

    a.    ☐    Collecting upon any available insurance in accordance with applicable nonbankruptcy law.

    b.    ☐    Proceeding against the Debtor as to property or earnings that are not property of this bankruptcy estate.

6.    This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

7.    ☐    The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8.    ☐    The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9.    ☐    This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the nonbankruptcy action.

10.    ☐    This order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice.

11.    ☐    Other (*specify*):

###

Date: July 28, 2026

Ronald A. Clifford III
United States Bankruptcy Judge

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 2                    **F 4001-1.RFS.NONBK.ORDER**